IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VERIDYNE, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-680 |
| | ) | (Judge Christine O.C. Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegation contained in paragraph 2 that the United States is the defendant in this action; denies the allegation contained in paragraph 2 that the defendant is through the Department of Transportation in the context of this litigation.

3. The allegation contained in paragraph 3 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

4. Admits the allegations contained in paragraph 4 to the extent those allegations are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4 .

5. Admits the allegations contained in paragraph 5 to the extent those allegations are supported by the subcontract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5

6. Admits the allegations contained in paragraph 6 to the extent those allegations are supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the cited contract and FAR 52.216-7, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits.

9. Admits the allegations contained in paragraph 9 to the extent supported by the invoice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits that the referenced discussions occurred. Denies that those discussions began in early 1998.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the

allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegation contained in paragraph 18 that Veridyne billed MARAD to the extent supported by the bills cited, which are the best evidence of their contents. The allegation contained in paragraph 18 that Veridyne's billing was pursuant to FAR 52.216-7 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Otherwise denies the allegations in paragraph 18.

19. Admits that DCAA performed an audit each year. Denies the remainder of paragraph 19.

20. Denies.

21. Admits the allegations contained in paragraph 21 to the extent supported by the letter from MARAD's counsel to Veridyne sent on or about December 7, 2004, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits that MARAD refused to pay invoices 260 through 266. Otherwise denies the allegations contained in paragraph 22.

23. Admits.

24. Admits the allegations contained in paragraph 24 to the extent supported by audit documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 24.

25. The allegation contained in paragraph 25 that Veridyne is due a net adjustment of $443,104.39 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Denies the remainder of the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Admits the allegations contained in paragraph 26 to the extent supported by the cited claim, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the cited claim, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits that the contracting officer did not issue a final decision. The remainder of the allegations contained in paragraph 28 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. The allegation contained in paragraph 29 constitutes a conclusion of law, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied.

30. Denies that plaintiff is entitled to the relief set forth in the prayer for relief, or to any relief whatsoever.

31. Denies each and every allegation not previously admitted or otherwise qualified.

**DEFENDANT'S AFFIRMATIVE DEFENSE IN FRAUD**

32. In late 1997, Veridyne officials recognized that Veridyne's growth would soon make it ineligible for participation in the 8(a) program. Thus, they contacted MARAD officials and sought a means to continue Veridyne's performance of its 8(a) logistics support contract, which is the subject of this litigation ("the contract"), past its May 2000 conclusion date by other means.

33. Veridyne and some MARAD officials agreed that the best way to keep Veridyne under the contract beyond May 2000 was to modify the contract by adding five option years to the four option years already included in the contract. Such a modification could only be executed while Veridyne was still within the size limits of the 8(a) program, and Veridyne and some MARAD officials believed that Veridyne would "graduate" from the program by mid-1998. Accordingly, Veridyne and MARAD officials sought to conclude the modification (which would become Modification 23) as early as possible in 1998.

34. Pursuant to15 U.S.C. § 637(a)(1)(D), any modification to a contract in the 8(a) program that increases its value by more than $3 million requires competitive bidding ("Competition Requirement"). Veridyne and some of the MARAD officials with whom it discussed Modification 23 wished to avoid competitive bidding for the modification, because they believed that there was a risk that Veridyne would not be awarded the modification. In order to avoid the Competition Requirement, Veridyne needed to submit an estimate of performance costs of less than $3 million for the lifetime of Modification 23.

35. Based upon prior experience with the contract, and the work anticipated in the five additional option years provided by Modification 23, Veridyne and some of the MARAD officials with whom it was working anticipated that the value of Modification 23 would be in

excess of $3 million over the five-year period encompassed in the modification.

36. Veridyne submitted a cost estimate of $2,999,994.80 for Modification 23 for its entire five-year lifetime. Veridyne did so with full knowledge that the estimate was inaccurate and was designed solely to circumvent the Competition Requirements. Veridyne's Chief Financial Officer, Michael Genna, would later admit that it was "not a good faith estimate," and Mr. Samuel Patterson, Veridyne's Chief Executive Officer, later stated that, "[a]t the end of the day, that estimate sucked." Veridyne realized that, although some MARAD officials were aware of the inaccuracy in its cost estimate, it would be relied upon by other Government officials to justify lack of competition for Modification 23.

37. Veridyne and MARAD executed Modification 23 on May 20, 1998. But for Veridyne's knowingly false estimate of performance costs, Modification 23 would not have been executed at that time and would either have been subject to competitive bidding or never executed at all.

38. Veridyne's present lawsuit is completely premised upon moneys allegedly owed it for work done pursuant to Modification 23.

39. Modification 23 was tainted by fraud and wrongdoing and executed in violation of statutory controls upon the procurement process, namely, the Competition Requirements. As such, it was void <u>ab</u> <u>initio</u>. Because Modification 23 was void <u>ab</u> <u>initio</u>, the United States is entitled to recover consideration paid upon work orders issued pursuant to Modification 23, and owes no payment to Veridyne.

DEFENDANT'S COUNTERCLAIM (SPECIAL PLEA IN FRAUD)

40. The United States hereby incorporates paragraphs 32 through 39 of this Answer and Counterclaim.

41. Veridyne's knowing misrepresentation of the true cost of Modification 23 tainted the contract with fraud.

42. By filing its claims related to Modification 23, Veridyne corruptly practiced or attempted to practice fraud against the United States in the proof, statement, establishment, or allowance of those claims.

43. Accordingly, pursuant to 28 U.S.C. § 2514, Veridyne's claims against the United States arising from Modification 23 must be forfeited to the United States and the United States is entitled to a finding of fraud and a judgment of forfeiture.

WHEREFORE, defendant requests that the complaint be dismissed, that the Court find that Veridyne committed fraud, a judgment of forfeiture of the claims presented in Veridyne's complaint, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Steven J. Gillingham
Steven J. Gillingham
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

February 4, 2008 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 4th day of February 2008, a copy of the foregoing "DEFENDANT’S ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler